UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AUBREY FERRAO, TINA
FERRAO AND MARK J
WOODWARD, AS TRUSTEE
OF LAND TRUST DATED
APRIL 5, 1987,

      Plaintiffs,

v.                                                   Case No.: 2:20-cv-657-JLB-KCD

ACE INSURANCE COMPANY
OF THE MIDWEST,

      Defendant.

_____

**ORDER**[1]

Before the Court is Plaintiffs Aubrey Ferrao, Tina Ferrao, and Mark Woodward's (together, "Ferrao")[2] Motion to Compel. (Doc. 50.) Defendant Ace Insurance Company of the Midwest has responded (Doc. 55), making this matter ripe for review. The Court now grants in part and denies in part Ferrao's motion

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] For simplicity's sake, and because Plaintiffs agree they are indistinguishable for present purposes, Plaintiffs are referred to jointly in the singular tense.

## I. Background

This is an insurance dispute. Ferrao owns a home in Naples that sustained roof damage during Hurricane Irma. He submitted a claim to his insurer, Ace, who extended partial coverage for the loss. Unhappy with Ace's assessment, Ferrao sued. His complaint contains a single claim for breach of contract. (Doc. 3.)

Now before the Court is a conflict about the scope of discovery. Ferrao wants a copy of Ace's underwriting file. (Doc. 50 at 2.) He also wants Ace to produce a corporate representative to "testify concerning . . . [it]'s underwriting evaluation of the condition of the property prior to Hurricane Irma." (*Id.* at 3.)[3] This discovery is proper, according to Ferrao, because Ace has "put the pre-loss condition of the property" at issue. (*Id.* at 2.)

Ace sees it differently. In its view, the underwriting file is "irrelevant" because this "is a coverage dispute and not a bad faith claim." (Doc. 55 at 2.) Ace also claims it has reviewed the underwriting file and there are "no documents regarding the pre-loss condition of the roof." (*Id.*) In other words, Ferrao's motion is moot because no responsive materials exist.

---

[3] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

## II. Analysis

It is helpful to start with the common ground. It is undisputed that Ace insured the property during Hurricane Irma. It is also undisputed that Ferrao is a named insured with standing to sue. Boiled down, then, this case is essentially a disagreement about the extent of covered and uncovered loss at the property. This background is helpful because it frames the Court's inquiry—that being whether Ace's underwriting file is relevant to the pending claims and thus discoverable (as Ferrao argues), or irrelevant and not discoverable (as Ace argues).

Federal Rule of Civil Procedure 26 has "effectively limited the scope of discoverable information to those matters which are relevant to a claim or defense in the lawsuit." *Osorio v. United States*, No. 08-80459-CIV, 2010 WL 11504739, at *1 (S.D. Fla. July 20, 2010). "While the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." *Food Lion, Inc. v. United Food & Com. Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997) (citation omitted).

This case is not the first time an insured has pursued discovery of an underwriting file. It is a common occurrence in insurance litigation. *See, e.g.*, *Atriums of Palm Beach Condo. Assn., Inc. v. QBE Ins., Co.*, No. 08-80543-CIV,

2009 WL 10667478, at *5 (S.D. Fla. June 17, 2009). Generally, "underwriter's files are discoverable in bad faith claims, but in breach of contract claims, they are only discoverable when the contract terms are ambiguous." *Promenades Mall (E&A), LLC v. Allstate Ins.*, No. 2:08-CV-475-FTM29SPC, 2009 WL 10670070, at *1 (M.D. Fla. May 11, 2009); *see also Houston Specialty Ins. v. Titleworks of Sw. Fla., Inc.*, No. 2:15-CV-219-FTM29MRM, 2016 WL 7130939, at *5 (M.D. Fla. July 19, 2016). Neither party claims the insurance policy here is ambiguous. Thus, at first blush, it appears Ace has the higher ground.

But Ferrao does not dispute that underwriter files generally fall outside the scope of discovery in first-party insurance claims. Instead, he hangs his hat on an exception for cases where the insurer claims pre-existing damage that is not covered. (Doc. 50 at 7 (citing *1550 Brickell Assocs. v. QBE Ins. Corp.*, No. 07-22283-CIV, 2008 WL 4279538, at *2 (S.D. Fla. July 8, 2008)).) The rationale behind this exception is simple. When an insurer claims pre-existing damage, the underwriting file becomes relevant because it could contain information about the property's pre-loss condition.

Ace is defending this case on multiple grounds, including that some of the alleged roof damage predated Hurricane Irma. (*See* Doc. 50 at 2.) The Court agrees with Ferrao that this defense puts the underwriting file within Rule 26's reach. *See, e.g.*, *Atriums of Palm Beach Condo. Assn., Inc.*, 2009 WL 10667478, at *5.

4

That said, the Court is unwilling to grant Ferrao the full relief he seeks. ACE's decision to deny coverage based on a pre-existing condition makes the underwriting file relevant to the extent it depicts the property's pre-loss condition. The balance of the file (such as premium calculations and discounts) remains irrelevant. The Court will thus order ACE to produce only documents from the underwriting file "regarding the pre-loss condition of the property's" roof. (Doc. 50 at 8.) The rest is off limits. *See Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-CV-1149-ORL78DCI, 2021 WL 1795496, at *3 (M.D. Fla. Feb. 2, 2021).[4]

One last item. As noted, Ferrao's motion is not limited to the physical underwriting file. He also wants Ace to produce a second corporate representative who can testify "about what Ace underwriters knew about the condition of the insured property at the time [they] agreed to insure it." (Doc 50 at 10.) The Court finds this relief premature. There is no indication that Ace has corporate knowledge of the property's pre-loss condition. Indeed, Ace has denied that the underwriting file contains any information of the sort. If Ace discloses documents from the underwriting file in response to this Order,

---

[4] Ace denies that the underwriting file contains documents bearing on the property's pre-loss condition. (Doc. 55 at 7.) The Court, of course, cannot compel the production of non-existent documents. But if Ace intends to maintain its position that the underwriting file has no responsive materials, it must do so in a signed statement subject to Fed. R. Civ. P. 11.

Ferrao can then renew his request for a second corporate representative deposition.

Accordingly, it is now

**ORDERED:**

1.      Ferrao's Motion to Compel (Doc. 50) is **GRANTED IN PART AND DENIED IN PART**;

2.      By July 28, 2022, Ace must produce any responsive documents from the underwriting file consistent with this Order;

3.      All other requested relief is denied.

**DONE** and **ORDERED** in Fort Myers, Florida on July 14, 2022.


Kyle C. Dudek
United States Magistrate Judge


Copies:  All Parties of Record