**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

AUBREY FERRAO, TINA FERRAO AND
MARK J WOODWARD, AS
TRUSTEE OF LAND TRUST
DATED APRIL 5, 1987,

Plaintiffs,

CASE NO. 2:20-CV-657-FTM-66MRM

v.

ACE INSURANCE COMPANY OF
THE MIDWEST,

Defendant.
_______________________________________/

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs Aubrey Ferrao, Tina Ferrao, and Mark J Woodward ("Plaintiffs" or the "Ferraos"), hereby file their Reply in support of their Motion for Partial Summary Judgment ("Motion") [ECF 80] against Defendant, ACE Insurance Company of The Midwest ("Defendant" or "ACE"), and state:

## INTRODUCTION

In their Motion, Plaintiffs ask this Court to hold as a matter of law that their slate tile roof requires replacement because the repair methodology proposed by ACE will not conform to code and return the roof to pre-storm conditions, matching slate tile is unavailable, and ACE's Affirmative Defenses are legally insufficient. In its Response [ECF 111], ACE acknowledges that certain defenses are legally insufficient

and withdraws defenses based on the Contamination Exclusion [ECF 111 at 17 at II(A)], the Building Movement Exclusion [ECF 111 at 18 at II(E)], the Actual Cash Value defense [ECF 111 at 19 at II(H)] and the Set-Off defense [ECF 111 at 20 at II(J)], effectively conceding partial summary judgment on those defenses.

More importantly, ACE now concedes that in order to repair Plaintiffs' roof in conformance with code, it is necessary to adhere tiles to the roof using two fasteners (as originally constructed), not one. What ACE fails to inform this Court is that the record evidence in this case unequivocally demonstrates that ACE's proposed roof repairs do not contemplate the use of two fasteners and will not return Plaintiffs' roof to its pre-loss condition in conformance with code.

Also, the Response now acknowledges that it is necessary to locate replacement slate tile "of like kind" (i.e., "matching"), yet, ACE has not presented any record evidence in the Response that matching slate tile is available for repair.

Accordingly, because Plaintiffs have satisfied their burden of presenting record evidence that their roof must be replaced, and ACE has failed to present sufficient evidence that repair is viable, summary judgment in favor of Plaintiffs on roof replacement is proper. Summary judgment is also proper on ACE's remaining affirmative defenses because ACE, which has the burden of proof at trial, has failed to designate record evidence that creates a genuine issue of fact.

## MEMORANDUM OF LAW

### A. Legal Standard

A party moving for summary judgment may direct the Court to affirmative

evidence that negates an element of the non-moving party's claim or point out "the absence of evidence to support the non-moving party's case." *See Witbeck v. Embry Riddle Aeronautical Univ., Inc.*, 219 F.R.D. 540, 542 (M.D. Fla. 2004). In response, the party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *See Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985). Where, as here, local rules require the parties to support their positions with pinpoint cites to the evidence, the nonmoving party's failure to do so may be grounds for summary judgment. *Witbeck*, 219 F.R.D. at 546-47 (explaining district courts have no duty to scour the file in search of evidence).

**B. Plaintiffs are entitled to Summary Judgment on Roof Replacement**

ACE concedes that a repair <u>must</u> conform to the FBC requirements.[1] However, in a reversal of its prior theory, ACE now concedes that two fasteners are necessary to repair the roof in conformance with the Florida Building Code ("FBC") as argued by Plaintiffs. [*See* ECF 111 at 12 (citing ACE's expert, Bart Barrett's acknowledgement that under the Florida Building Code, the repair method is acceptable "as long as it had the same capacity as the original fasteners").][2] What ACE fails to tell this Court is that **ACE's proposed repair methods use less than two fasteners per slate**.

[1] ACE's expert Chad Brandon at JS Held agreed that, with any repair guideline "[w]e always need to follow local building codes." [ECF 104-1 at 46:6-10.]

[2] When it cited to FBC §1401.2.4 Alterations and repairs, [*see* ECF 111 at 10], ACE failed to include the essential last sentence "if, in the *alteration* or *repair*, the current level of safety … is to be reduced, the portion adhered shall conform to the requirements of [various Chapters, including Chapter 15] of the *Florida Building Code*, *Building*. FBC §1507.7.6 Application. provides "**Slate shingles shall be secured to the roof with two fasteners per slate**." (Emphasis added.)

Specifically, ACE's proposed hook and bibb repair reduces the number of fasteners by 1/2 at every repair location -- conservatively eliminating 1,200 to 3,600 nails, on every roof elevation, throughout this roof. [*See* ECF 105-1 at 45:1-16, 59:5-11; ECF 105-9 at 30; ECF 104-1 at 91:4-8.]

While ACE now suggests that its proposed repairs might be able to include the use of two fasteners, its assertion is contrary to ACE's own admissions. ACE's experts don't know or explain how they would fasten slate using two fasteners.[3] [*See* ECF 104-1 at 212:4-10;[4] ECF 104-2 at 5 (schematic showing a repair methodology using one fastener); ECF 106-1 at 72:23 - 73:15.] And there is no way to install a second fastener using ACE's repair method. [ECF 88-2 at 12; ECF 105-9 at 27] Moreover, a second fastener is not accounted for in ACE's repair estimate. [ECF 104-1 at 190:3-8]

With respect to the obligation to repair with matching slate tile, ACE contends in conclusory fashion that the FBC "does … permit repairs to slate roofs, … permits the re-use of … salvaged materials … [and that it does not] require that materials must be exactly matching only that they be similar in materials and profile." [ECF 111 at 10.] ACE misquotes the requirements of the FBC by stating that "similar" salvaged slate is sufficient. *Id*. Instead, §706.5/R908.5 Reinstallation/reuse of materials, provides "salvage slate … **shall be of like kind in both material and profile**." [ECF 111 at 10] (Emphasis added). And industry standards direct (and ACE's expert Chad

[3][*See* ECF 106-1 at 62:25-64:13; 76:11-77:25; ECF 105-1 at 59:13-22; ECF 107-1 at 40:14-20; 151:15-19; ECF 104-1 at 99:3-22; and ECF 103-1 at 169:11-15.]
[4] ACE's expert Chad Brandon offered to amend his report, but no supplement was ever filed.

Brandon at JS Held agrees) that "**Defective slates must be replaced with slates that match the existing slates in type, length, width, thickness, shape, color and, if necessary for a good match, age**." [EFC 104-1 at 84:13 – 85:8] (Emphasis added).

Also, ACE's contention that the Policy "does not cover matching, as the roof is still useable" [ECF 111 at 2 ⁋3.] misstates the law and is unaccompanied by a single record citation to support the conclusion asserted and, therefore, must be rejected. *Evers*, 770 F.2d at 986; *Witbeck*, 219 F.R.D. at 542. The Policy covers matching, something ACE's Corporate Representative conceded, [ECF 95-1 at 117:20-118:13], and ACE reaffirmed when it withdrew its affirmative defense on Actual Cash Value, acknowledging that losses are to be adjusted and paid on a Replacement Cost basis.

As set forth in the Policy: "The *replacement cost* is the cost of replacing property **with property of a like kind and quality**." [*See* ECF 95-4 at 68 (emphasis added).] This means that any damaged materials - slate tiles, fasteners, underlayment, or the roof in its entirety – must be replaced with like kind (i.e., similar size, shape, color, amount) and quality (equal to the condition and functionality that existed prior to the loss). Florida courts interpreting "like kind and quality" have held that this language requires matching. *See 2000 Island Blvd. Condo. Ass'n v. QBE Ins. Corp.*, No. 11-20247-CIV-ALTONAGA/Simonton, 2012 WL 13071266, at *2-*3 (S.D. Fla. Jan. 19, 2012); *Strasser v. Nationwide Mut. Ins. Co.*, No. 09-60314-CIV-SEITZ/O'Sullivan, 2010 U.S. Dist. LEXIS 21632, at *1-*2 (S.D. Fla. Feb. 22, 2010).

The record confirms that ACE has never provided any evidence of matching slate in the quantities which ACE's experts contend are needed to repair this roof. [ECF 80 at 13-14.] The unsupported statement in ACE's Response, [ECF 111 at 6 ⁋18], does not create an issue of fact. ACE has failed to rebut Plaintiffs' witnesses, including an expert and a local roofing contractor, who have confirmed that it would be impossible to find matching slate in the quantities required. [ECF 80 at 14.]

Based upon the foregoing, Plaintiffs are entitled to partial summary judgment on roof replacement as the uncontroverted facts (including ACE's own admissions in the Response) confirm the roof cannot be repaired in conformance with the FBC or the Policy's "like, kind" matching requirement.

**C. Plaintiffs are Entitled to Summary Judgment on ACE's Affirmative Defenses**

While ACE conceded summary judgment on several of its defenses as stated above, ACE continues to argue that material issues of fact exist as to the remaining defenses. However, the Response fails to present record evidence to support those remaining defenses. For example, ACE contends that summary judgment should be denied on its Deterioration Exclusion, stating in conclusory fashion that "experts from both sides have admitted to age related deterioration…" ACE cites to its Motion for Partial Summary Judgment ("ACE's MSJ") [ECF 74] generally, but fails to cite to a single record fact, let alone provide a pinpoint citation to support its assertion. [ECF 111 at 17.] ACE does the same thing with respect to the Weather Condition Exclusion, asserting that "this defense is supported by the facts of this case" but failing to set forth

the facts upon which it relies. [ECF 111 at 18.] Similarly, ACE states that "there is support and testimony from both sides experts" for its Faulty, Inadequate or Defective Exclusion, but fails to cite to a single affidavit/excerpt, and instead cites generally to five separate filings. [ECF 111 at 18.] Likewise, ACE cites generally to ACE's MSJ as support for its Seventh Affirmative Defense concerning Compliance with Post-Loss Obligations, including notice, but fails to provide a single pinpoint citation to evidence. [ECF 111 at 19.] Last, in support of its Third Affirmative Defense that the Fungi, Wet or Dry Rot, or Bacteria Exclusion applies, ACE cites to paragraph 16 in ACE's MSJ, but that paragraph makes no reference to mold, fungi, wet or dry rot, or bacteria. [ECF 74 at 5.] ACE has thus failed to meet its burden to designate record evidence showing a genuine issue for trial. *Witbeck,* 219 F.R.D. at 542 (citing Fed. R. Civ. P. 56(e)).

Last, in support of its Fourth Affirmative Defense on its Neglect Exclusion, ACE cites to "another wind event" "which caused additional damage … which caused water intrusion," but fails to cite to any evidence that the insured knew such an event would happen, let alone what the insured could have reasonably done to prevent it. This evidence is insufficient to create an issue of fact and the Court should summarily reject it as insufficient to resist summary judgment. *See Anderson*, 477 U.S. at 249-50. Regardless, this defense is only to coverage for the interior damage, not to the replacement of the roof for damage from Hurricane Irma.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Partial Summary Judgment should be granted.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 10, 2022, a true and correct copy of the foregoing was served via CM/ECF on all counsel or parties of record:

| | |
|---|---|
| **Kristin Wood Elza, Esq.**<br>Butler Weihmuller Katz Craig LLP<br>Florida Bar No.: 0153354<br>kelza@butler.legal<br>400 N. Ashley Drive, Suite 2300<br>Tampa, Florida 33602<br>Telephone: (813) 281-1900<br>Facsimile: (813) 281-0900<br>***Attorney for Defendant*** | **Meghan C. Moore, Esq.**<br>Florida Bar No. 668958<br>meghan.moore@flastergreenberg.com<br>**Nicole A. Josephy, Esq.**<br>Florida Bar No. 124492<br>Nicole.josephy@flastergreenberg.com<br>FLASTER GREENBERG PC<br>2255 Glades Road, Suite 324A<br>Boca Raton, FL 33431<br>Telephone: (561) 961-4508<br>***Attorney for Plaintiffs*** |
| **Ricardo A. Reyes, Esq.**<br>Tobin & Reyes, P.A.<br>225 NE Mizner Blvd., Suite 510<br>Boca Raton, Florida 33432<br>rar@tobinreyes.com<br>Telephone: (561) 620-0656<br>***Attorney for Plaintiffs*** | |

**CHEFFY PASSIDOMO, P.A.**
*Counsel for Plaintiffs*
4100 W. Kennedy Blvd., Suite 335
Tampa, FL 33609
(239) 261-9300

By: */s/ David A. Zulian*
**Edward K. Cheffy, Esq.**
Florida Bar No. 393649
ekcheffy@napleslaw.com
ffharper@napleslaw.com

**David A. Zulian, Esq.**
Florida Bar No. 711012
dazulian@napleslaw.com
glhamilton@napleslaw.com
**Debbie Sines Crockett, Esq.**
Florida Bar No. 33706
dscrockett@napleslaw.com
esadams@napleslaw.com